## AMBROSE MERRILL vs. MOSES CALL.

Where the charter of a bank provides, that, "no part of the capital stock shall be sold or transferred, except by execution or distress, or by administrators or executors, until the whole amount thereof shall have been paid in," a contract to transfer shares therein, not falling within the exception, made and to be carried into execution when but fifty per cent. is paid in, is illegal and void.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

The action was brought upon a contract in writing, dated *March* 9, 1837, whereby it was agreed by the parties, that the defendant should transfer to the plaintiff, " twenty shares in the stock of the *Damariscotta Bank*," on the payment to him of fifteen hundred dollars on or before *March* 16, 1837. Several points were made at the trial, but the decision here rested solely on one. The facts bearing on that, will be found in the opinion. The Judge ordered a nonsuit, to which the plaintiff excepted.

*F. Allen & I. G. Reed*, for the plaintiff, and *Farley*, for the defendant, argued points made on the exceptions, which were not considered in the opinion.

The opinion of the Court, after advisement, was drawn up by

SHEPLEY J. — The case finds, that fifty per cent. only of the capital stock had been paid in at the time when the transfer should have been made according to the contract; and that both parties knew that fact, and that no vote had passed requiring payment of the residue before the time for making the transfer. This then is a contract for the sale or transfer of shares, or stock before the whole capital was either paid in, or contemplated to be paid in. The charter provides, that the corporation shall be subject to all the liabilities and duties specified in an act to regulate banks and banking, passed *March* 31, 1831. *Special Laws, c.* 194, § 3. The act referred to, *stat.* 1831, *c.* 519, § 3, provides, " and no part of the capital stock of any bank shall be sold or transferred, except by execution or distress, or by administrators or executors, until the whole amount thereof shall have been paid in." The object of the provision probably was, to prevent the accumulation of the

stock in the hands of irresponsible persons, to whom the legislature would not grant a charter, before the whole capital was secured for the protection of the public. And when so paid in, the law does not permit it to be withdrawn until its debts and contracts are satisfied. Whatever may have been the design of the enactment, it is binding upon the corporation and upon the citizens.

The contract between these parties having been made in violation of law, the Courts will afford no aid to enforce it. As the plaintiff for this reason cannot maintain the action, it is unnecessary to examine other points in the case.

*Exceptions overruled.*